IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

SHANE FELDMAN                              *
212 East Melbourne Ave.
Silver Spring, Maryland 20901,             *

    and                                    *

BRIAN M. KELLY                             *
623 Basin Way
Arnold, Maryland 21012,                    *

    and                                    *

PAUL SINGLETON                             *
6200 Windward Place
Bethesda, Maryland 20816,                  *

each individually and on behalf            *
of a class of similarly situated persons,
                                           *
    Plaintiffs,
                                           *
    v.                                     *   CLASS ACTION
                                           *   CIVIL ACTION NO.
PRO FOOTBALL, INC.
1600 FedEx Way                             *
Landover, Maryland 20785,
                                           *
    Serve On:
    CSC Lawyers Trust Co.                  *
    11 East Chase Street
    Baltimore, Maryland 21202,             *

    and                                    *

WFI STADIUM, INC.                          *
21300 Redskin Park Drive
Ashburn, Virginia 20147,                   *

    Serve On:                              *
    CSC Lawyers Trust Co.
    11 East Chase Street                   *
    Baltimore, Maryland 21202,
                                           *
    Defendants.
                                           *

*   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Plaintiffs, by and through their undersigned counsel, on their own behalves and on behalf of all others similarly situated, sue Defendants and allege:

## INTRODUCTION

1.      This is an action for declaratory, injunctive, and equitable relief to enforce the rights of individuals who are deaf or hard of hearing to equal access to Washington Redskins home games free from discrimination, as is required under Title III of the Americans with Disabilities Act of 1990 ("ADA").  Despite the availability of captioning technology, services, and display systems to remedy the deficiencies,  Defendants are refusing to take simple steps to provide and display captioning to ensure that individuals who are deaf or hard of hearing have the same opportunities as hearing patrons to enjoy Washington Redskins home games.

2.      Although captioning technology, services, and display systems are and have been available to Defendants, they have failed and refused to equip their scoreboards and video monitors to display captioning, provide captioning services or otherwise modify their equipment to provide equal access to deaf and hard of hearing fans to announcements made over the FedEx Field public address system.

## PARTIES

3.      Plaintiff Shane Feldman is a resident of Montgomery County, Maryland. Mr. Feldman, an individual who is deaf, regularly attends Washington Redskins home games at FedEx Field.

4.      Plaintiff Brian M. Kelly is a resident of Anne Arundel County, Maryland. Mr. Kelly, an individual who is hard of hearing, regularly attends Washington Redskins home games at FedEx Field.

5.      Plaintiff Paul Singleton is a resident of Montgomery County, Maryland. Mr. Singleton, an individual who is deaf, is a Washington Redskins season ticket holder and regularly attends the team's home games at FedEx Field.

6.      Defendant Pro Football, Inc. is a Maryland corporation doing business as the "Washington Redskins" of the National Football League ("NFL").  On information and belief, its principal place of business is in Landover, Maryland and it is the lessee of FedEx Field.

7.      Defendant WFI, Inc. is a Delaware Corporation with its principal place of business in Virginia.  At all relevant times to this Complaint, Defendant WFI, Inc. owned and operated what is known as FedEx Field, the football stadium where the Washington Redskins play their home games.  FedEx Field is located at 1600 FedEx Way in Landover, Maryland.

8.      Pro Football, Inc. and WFI, Inc. are, own, lease, lease to, or operate a place of "public accommodation" as defined by Title III of the ADA, 42 U.S.C. §§ 12181-12189.

## JURISDICTION

9.      This Court has jurisdiction of this action pursuant to 42 U.S.C. § 12188 and 28 U.S.C. § 1331.

## FACTS

10.     The Washington Redskins play their home football games at FedEx Field, located at 1600 FedEx Way, Landover, Maryland.

11.     Defendants own, lease, lease to, or operate a place of public accommodation as defined by Title III of the ADA.

12.     Mr. Feldman is deaf, an "individual with a disability" as defined by the ADA.

13.     Mr. Feldman uses season tickets to regularly attend home games of the Washington Redskins at FedEx Field.

14.     Mr. Kelly is hard of hearing, an "individual with a disability" as defined by the ADA.

15.     Mr. Kelly uses season tickets to regularly attend home games of the Washington Redskins at FedEx Field.

16.     Mr. Singleton is deaf, an "individual with a disability" as defined by the ADA.

17.     Mr. Singleton owns and uses season tickets to regularly attend home games of the Washington Redskins at FedEx Field.

18.     Neither Plaintiffs nor any other individuals who are deaf or hard of hearing are able to hear announcements (i.e., game plays, safety and emergency information, etc.) made over the public address system at FedEx Field.

19.     Defendants' announcements made over the public address system at FedEx Field do not result in effective communication with Plaintiffs or other individuals who are deaf or hard of hearing.

20.     If an emergency were to occur at FedEx Field, Plaintiffs would not be able to hear safety and emergency information (i.e., the nature of or instructions how to respond to an emergency) announced over the public address system.

21.     FedEx Field uses a Sony Jumbotron system ("Jumbotron") for its scoreboard.

22.     In conjunction with the public address system, FedEx Field uses video monitors located in concession areas and other areas of the stadium to enable attendees to keep track of events on-field when they are not in their seats.

23.     Individuals who are deaf or hard of hearing can and do regularly have access to information that is provided orally through the provision and use of "captioning."  Through captioning, spoken and other auditory/aural information is made accessible to individuals who

4

are deaf or hard of hearing.  Captioning is familiar to many people from its provision and display on televisions.

      24.     Captioning can be displayed on Sony Jumbotrons and video monitors.

      25.     Defendants do not provide and the Jumbotrons at FedEx Field do not display captioning for announcements made over the public address system before, during, or after Washington Redskins home games.

      26.     Defendants do not provide and the video monitors located in the concession areas and other areas of FedEx Field do not display captioning for announcements made over the public address system before, during, or after Washington Redskins home games.

      27.     Individuals who are deaf or hard of hearing, such as Plaintiffs, are unable to hear various announcements pertaining to the football game.

      28.     NFL referees wear microphones and announce specifics of a penalty over the public address system at FedEx Field.

      29.     Individuals who are deaf or hard of hearing, such as Plaintiffs, cannot hear announcements about which players were involved in plays or the details of any penalties the referees call.

      30.     Individuals who are deaf or hard of hearing, such as Plaintiffs, are unable to hear any safety and emergency information announced over the public address system.

      31.     Unable to hear any of the announcements made over the public address system, individuals who are deaf or hard of hearing, such as Plaintiffs, do not have access to or an opportunity to enjoy, benefit from, or participate in Washington Redskins home games, equal to that of individuals without disabilities.

32.     On Wednesday, June 18, 2003, Mr. Feldman contacted for the first time, by e-mail, Todd Boyan of the Washington Redskins.  At the time, Mr. Boyan was the Vice President/Operations for the Washington Redskins.  Having worked at FedEx Field since the stadium's opening in 1997, Boyan was in charge of, among other things, audio-visual equipment.

33.     Mr. Feldman requested that the Washington Redskins provide and display captioning on the Jumbotrons at FedEx Field.

34.     Mr. Feldman informed Mr. Boyan of the requirements and process of providing and displaying captioning on the Jumbotrons.

35.     On Friday, July 11, 2003, Mr. Feldman requested a meeting with Mr. Boyan to further discuss the captioning process.  Mr. Boyan declined to meet with Mr. Feldman.

36.     During the 2003 season, the Washington Redskins did not provide or display captioning on the Jumbotrons or video monitors at FedEx Field.

37.     During the 2004 season, the Washington Redskins did not provide or display captioning on the Jumbotrons or video monitors at FedEx Field.

38.     On Wednesday, June 8, 2005, Mr. Boyan informed Mr. Feldman that the Washington Redskins would not provide and display captioning on the Jumbotrons for the 2005 season.

39.     On February 22, 2006, the National Association of the Deaf sent a letter to Mr. Daniel Snyder, principal owner of the Washington Redskins, requesting that "all announcements made over the public address system at FedEx Field be made accessible by captioning in compliance with Title III of the Americans with Disabilities Act (ADA)."

40.     On March 6, 2006, David Donovan, General Counsel of the Washington Redskins, responded that he "was reviewing our prior analysis of these issues, including Mr. Feldman's correspondence to Todd Boyan.  Once we have conducted a full review of our current policies and accommodations at the stadium, we will be able to provide a more complete response to your concerns."   Since then, no one from the Washington Redskins has provided any additional response.

## CLASS ACTION ALLEGATIONS

41.     Plaintiffs hereby incorporate paragraphs 1 through 40.

42.     This suit is brought on behalf of all individuals who are deaf or hard of hearing and attend or in the future will attend Washington Redskins home games at FedEx Field.

43.     The Class is so numerous that joinder of all members is impracticable.  Although the precise number of individuals who are deaf or hard of hearing is not known, the Class is estimated to exceed 100 persons.

44.     There are common questions of law and fact shared by all parties.  Indeed, all of the issues pertinent to liability are identical to all class members, and all class members equally seek as their remedy declaratory, injunctive, and equitable relief.

45.     The specific legal issue raised by this case is whether the refusal to provide and display captioning on the Jumbotrons and video monitors at FedEx Field violates Title III of the ADA.  This issue is raised on behalf of and is common to each and every class member.

46.     The claims of the representative parties are typical of the claims of the Class.

47.     The representative Plaintiffs are motivated and able to enforce the rights of individuals who are deaf or hard of hearing through this lawsuit and will fairly and adequately protect the interests of the Class.

48.     The representative Plaintiffs have retained the undersigned attorneys, who are competent to represent the Class on the issues presented in this action.

49.     Prosecution of multiple actions in different states by individual class members creates an unnecessary risk of inconsistent or varying adjudications, which could impose incompatible standards of conduct for Defendants.

50.     Defendants, in adopting a policy of refusing to provide and display captioning on the Jumbotrons and video monitors at FedEx Field, have acted in a manner generally applicable to all members of the Class, and it is appropriate that the declaratory, injunctive, and equitable relief requested in this litigation be for the benefit of the Class as a whole.

51.     Questions of law and fact which are shared by all class members predominate over any questions that are specific to only some class members.  In addition, a class action is far superior to any other manner of resolving this controversy because of the size of the Class, the predominance of the legal issues over issues of fact, and the need for the dispositive resolution of this controversy in a single forum so that the rights of the class members are secured and so that Defendant can know and comply with their legal responsibilities.

## LEGAL CLAIMS

### COUNT ONE - ADA

52.     Plaintiffs hereby incorporate paragraphs 1 through 51.

53.     This is an action for declaratory, injunctive, and equitable relief brought pursuant to the ADA.

54.     Plaintiffs are individuals with a disability under the ADA.

55.     Plaintiffs own and/or use season tickets to regularly attend Washington Redskins home games and intend to continue to do so.

56.     Defendants have refused to provide and display captioning on the Jumbotrons and video monitors at FedEx Field.

57.     The Defendants own, lease, lease to, or operate a place of "public accommodation" as defined under Title III of the ADA.  *See* 42 U.S.C.A. § 12181(7)(C).

58.     Defendants have refused to provide auxiliary aids and services (captioning) to individuals who are deaf or hard of hearing to ensure effective communication with and equal access to the information and announcements made over the public address system before, during, and after Washington Redskins home games.

59.     Defendants are discriminating against the Class by not providing and displaying captioning for announcements made over the public address system before, during, and after Washington Redskins home games.

60.     Defendants will continue to discriminate against individuals who are deaf or hard of hearing by not providing and displaying captioning on the Jumbotrons and video monitors unless this Court declares that Defendants' refusal to provide and display captioning violates the ADA.

61.     As a result of Defendant's unlawful act in refusing to provide and display captioning on the Jumbotrons and video monitors at FedEx Field, the Class (through its representative parties) have been required to retain the undersigned attorneys, and Defendants are obligated to pay Plaintiffs' attorneys a fee for their services upon the successful resolution of this claim, and Plaintiffs are entitled to payment of such fees and attendant costs from Defendants pursuant to the ADA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

a.      Issue a declaratory judgment declaring that Defendants' actions, omissions, policies, and practices violate rights guaranteed to Plaintiffs under the ADA;

b.      Issue a preliminary and permanent injunction ordering the Defendants to:

i)      immediately cease their discrimination and provide individuals with disabilities equal access to the benefits of the facilities, programs, services, and activities of the Defendants;

ii)     provide and display captioning on the Jumbotrons and video monitors at FedEx Field for all announcements made over the public address system, including all of the plays that just occurred, all of the penalties called, safety and emergency information, and any other announcements made over the public address system;

iii)    promulgate written policies and procedures to ensure that Defendants provide and display captioning on the Jumbotrons and video monitors;

c.      Retain jurisdiction over this action until implementation of this Court's decree has been completed;

d.      Award Plaintiffs' attorneys fees and costs of this proceeding, pursuant to 42 U.S.C. § 1988, and 42 U.S.C. § 12205; and

e.      Issue such other and further relief as this Court may deem just and proper.


Respectfully submitted,


_____/s/_____
Marc P. Charmatz
Federal Bar No. 09358
Charmatz@nad.org
and
Rosaline Crawford
Federal Bar No. 15643
Crawford@nad.org
National Association of the Deaf
Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
(301) 587-7732 (V/TTY)


_____/s/_____
Joseph B. Espo
Federal Bar No. 07490
Brown, Goldstein & Levy, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland  21202
Phone:  (410) 962-1030
jbe@browngold.com