IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHANE FELDMAN, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 8:06-cv-2266-AW |
| PRO FOOTBALL, INC., *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiffs brought this action against Defendants for violations of Title III of the Americans with Disabilities Act ("ADA"). The Court entered judgment in this case on December 2, 2008, in favor of Plaintiffs, declaring that Title III of the ADA requires defendants to provide deaf and hard of hearing fans equal access to the aural information broadcast over the stadium bowl public address system at FedEx Field. Doc. No. 54. Currently pending before the Court are Plaintiff's motion for attorneys' fees and costs, Doc. Nos. 55, 73, and Plaintiff's motion to strike privileged settlement communications or in the alternative to supplement the record, Doc. No. 79. For the reasons stated more fully below, the Court will GRANT Plaintiff's motion for attorneys' fees and accordingly DENY Plaintiff's motion to strike as moot.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are summarized from the Fourth Circuit's opinion in this case. Plaintiffs are three individuals who are deaf or hard of hearing and who regularly attend Redskins games at FedEx Field. Defendants Pro Football, Inc. and WFI Stadium, Inc. operate, respectively, the Washington Redskins football team and FedEx Field, where the Redskins play

1

home games. On August 31, 2006, Plaintiffs brought this action against Defendants, arguing that the ADA obligates defendants to provide auxiliary access to the content of broadcasts from FedEx Field's public address system. Soon after Plaintiffs filed their complaint, Defendants captioned most of the aural content to which Plaintiffs seek access. Defendants argued that the case was moot because they had already voluntarily provided accommodations to Plaintiffs, although Defendants maintained that they had no obligation under the ADA to do so. This Court found that the case was not moot and granted summary judgment to Plaintiffs.

This Court's holding rested in part on the fact that Defendants were not providing plaintiffs with access to the lyrics to music played over the stadium's public address system. Defendants appealed this Court's summary judgment ruling. The Fourth Circuit agreed with this Court and accordingly affirmed the declaratory judgment requiring Defendants to provide auxiliary access to the aural content broadcast over FedEx Field's public address system.

Plaintiffs first moved for attorney's fees on December 15, 2008, prior to Defendants' appeal to the Fourth Circuit. Doc. No. 55. After the Fourth Circuit entered its judgment affirming this Court's decision, Plaintiffs again moved for attorney's fees as authorized by the ADA, 42 U.S.C. § 12205 and in accordance with Local Rule 109.2. Doc. No. 73. In response, Defendants acknowledged that the hourly rates requested were reasonable and that the number of hours for which compensation was sought was appropriate. Doc. No. 78 at 9, n.5. However, Defendants argue that it was unreasonable for Plaintiffs to pursue this litigation for so long and at such a cost after Defendants had already agreed to and in fact did provide auxiliary services for all of the aural content that was expressly requested in Plaintiffs' complaint. Doc. No. 78 at 9.

Furthermore, Defendants referenced communications made during settlement talks to

show that Plaintiffs declined to settle on two occasions because of a failure to agree on attorneys' fees, resulting in protracted litigation. Doc. No. 78 at 13-14. Plaintiff moved to strike the settlement communications referenced by Defendants as privileged, or in the alternative to supplement the record to provide a more balanced view of the conduct of the negotiations. Doc. No. 79 at 1.

## II. STANDARD OF REVIEW

A prevailing plaintiff in an ADA action is generally entitled to recover fees paid to an attorney unless special circumstances render such an award unjust. *Mammano v. Pittston Co.*, 792 F.2d 1242, 1244 (4th Cir.1986); *see also* 42 U.S.C. § 12205. The first determination to be made by the district court is whether the plaintiff is a prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The second determination is whether an award of attorney's fees should be granted to the prevailing party and what amount would be reasonable under the specific circumstances of the case; the district court has significant discretion in determining the amount of a statutory fee award. *Id.* at 433, 437. It is important to be mindful of the purpose of fee-shifting statutes: "'to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights.'" *Bond v. Blum*, 317 F.3d 385, 399 (4th Cir.2003) (quoting *Kay v. Ehrler*, 499 U.S. 432, 436, (1991)).

## III. ANALYSIS

There seems to be no dispute that Plaintiffs are the prevailing party within the meaning of 42 U.S.C. § 12205. Defendants also do not contest that the hourly rates requested by Plaintiffs

are reasonable and that the number of hours for which compensation is sought are appropriate. Rather, Defendants contend that Plaintiffs had a very limited degree of success in this action because Defendants had already voluntarily provided the sought-after accommodations to Plaintiffs six weeks after the case was filed. Defendants thus request that the Court award at most 25% of Plaintiffs' attorneys' fees. Plaintiffs contend that their victory was significant and their case an important one that will provide guidance to other courts developing the law of the ADA. Plaintiffs argue that the public purpose served by their case makes an award of attorneys' fees reasonable.

The Court finds that Plaintiffs obtained the primary relief they sought—a declaratory judgment vindicating their rights under the ADA. Plaintiffs are only seeking fees related to their successful claims for declaratory relief. Defendants on the other hand merely restate the same mootness arguments that this Court rejected in its summary judgment opinion. *See* Doc. No. 45 at 14-17. This Court again rejects Defendants' argument due to the fact that: (1) Defendants failed to provide most of the services sought by Plaintiffs until after suit was brought, and were free to stop at any time absent a declaratory judgment; and (2) Defendants maintained throughout the suit that they were not required by Title III of the ADA to provide deaf and hard of hearing fans any auxiliary services to ensure equal access to the aural information at FedEx Field other than the assistive listening devices that did not help Plaintiffs.

The Court's 2008 opinion in this matter was the first to declare that the ADA requires a sports venue to make aural information within the stadium bowl accessible to deaf and hard of hearing fans. The Court agrees that this was an important rather than a de minimis victory for Plaintiffs. Accordingly, Plaintiffs' motion for attorneys' fees is granted. Because the Court

4

reaches this result regardless of the settlement disclosures made by Defendants in their response brief, Doc. No. 78, the Court denies Plaintiffs' motion to strike those disclosures or supplement the record as moot.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will GRANT Plaintiffs' motion for attorneys' fees and costs and DENY Plaintiffs' motion to strike privileged settlement communications or in the alternative to supplement the record. A separate Order will follow.

<u>August 30, 2011</u>                                        <u>            /s/                      </u>
       Date                                                              Alexander Williams, Jr.
                                                                                United States District Judge